MOSES P. HOLLIS, plaintiff in error, *vs.* JOHN WILLIAMS, defendant in error.

The question of retaining or dissolving an injunction is vested in the sound discretion of the Court below, and in cases where the evidence is conflicting, and especially when *fraud* is charged, this Court will not interfere to control the discretion of that Court in retaining the injunction until the final hearing of the case.

Injunction.    Before Judge STROZIER.    Calhoun Superior Court.    March Term, 1871.

John Williams, by bill, made this case:  In 1869 he bought of Hollis an undivided half interest in Hollis' saw and grist mills, on Notchaway creek, the land and the stock thereto belonging, and in the turnpike across the Chickasawhatchee creek, on the road from said mills to Albany, Georgia, and in the steam mills, near the east end of said turnpike. He paid him therefor forty bales of cotton, and gave Hollis his two notes for forty bales of cotton each, due, respectively, on the 1st of January, 1871 and 1872; took Hollis' bond for titles and went into possession as Hollis' partner.   On the 11th of February, 1870, he bought the other half from Hollis for $3,500 00, cash, and his note for $3,500 00, due the 1st of January, 1870, and took Hollis' bond for titles for this half.   Since these trades, he paid Hollis thirty-seven bales of cotton and $150 00.   A main inducement to him for making said trade was the turnpike and steam mill property, the turnpike being worth $5,000 00, and yielding an income of $100 00 per month for tolls.   The steam mills were especially valuable, in that they were on this turnpike. Hollis represented his title to the turnpike and steam mills as perfect, and that there could be no trouble about either, and relying on this, Williams made the purchase.   Ten or fifteen days after he had taken possession of this turnpike, the Ordinary of said county ordered him to quit it, because he had no title thereto.   Upon investigation, he found that Hollis had been in possession by consent of said county, upon

certain conditions, which he had not complied with, and the county refused to make him any title. Hollis refused to adjust this matter.

When the trade was made, he knew that there were some liens on the mills, but Hollis said he had paid, or would pay them, but he has not. Now, Hollis is insolvent, is about to move to Alabama, and threatens to transfer said undue notes to innocent purchasers. Hollis' attorney has these notes. Besides, certain named persons owe Hollis certain named sums of money.

He prayed that Hollis and his attorney be enjoined from changing the *status* of said notes, given for the purchase-money, and that Hollis be enjoined from selling or disposing of his notes on said other parties, and that these creditors be enjoined from paying their said notes; that the value of the turnpike be ascertained, and he be decreed damages for the failure of title thereto against Hollis, and that Hollis be compelled to convey to him the balance of the property, according to the bonds, and indemnify him against said liens.

A temporary injunction was granted as prayed for, and the defendant was required to shew cause why it should not be made perpetual. It was modified subsequently so far as to let Hollis' attorney collect the notes from these strangers, and hold the proceeds subject to the order of the Court. Hollis demurred to the bill, upon the grounds, that it contained no equity, and because, as the notes were not negotiable, Williams' remedy was complete, at law, and because he was in no danger because the liens were for less than he owed him. The Chancellor overruled the demurrer. Hollis answered the bill. Admitting the trade, as charged, he said that the General Assembly of Georgia granted to one Grimet the right to establish said turnpike, he did establish it and sold out to the county, who sold it to Hollis; that part of the deed from the county to Hollis stipulated that Hollis and his assigns should keep it in good repair, and permit persons, etc., to pass free over it to and from Albany, with produce,

Hollis *vs.* Williams.

etc., or, if he failed, the county could retake it. He said he showed Williams all this, and explained it to him before the first sale; no tolls had been collected thereon for years, and it was kept up by the county.

Williams failed to comply with the conditions on which he was authorized to use said turnpike, and for this, the county took possession, under legal process, of which Williams had notice. He said that the turnpike was worth only $1,000 00, subjected to such conditions, and that the tolls would not pay for keeping it in repair. Williams, before the county moved against him, had moved off the steam mills and abandoned the turnpike and let it decay. Williams sold part of the land for $1,000 00 and twenty-five bales of cotton, and got Hollis to take these bales of cotton and $1,000 00 and make title thereto to said purchaser from Williams; this he did, because Williams agreed to give him another claim if he would, but Williams did not do so. He said there were liens for $1,000 00 on the mill, against which he had defenses, but he was ready to indemnify Williams against harm from them.

Upon this answer, Hollis showed cause against the continuance of said injunction. At the hearing, numerous affidavits were read on the following points, viz: Whether Hollis was insolvent; whether the turnpike was of any value for tolls; whether Williams failed to keep it in repair; whether, prior to the purchase, Hollis notified Williams that he did not own the fee in the land covered by the turnpike, etc.

The Chancellor continued the injunction only as to Hollis' selling Williams' notes, and two other notes held by Hollis on a third party for forty bales of cotton each.

Hollis assigned said ruling as error.

L. D. Munroe; W. A. Hawkins, for plaintiff in error.

Lyon, DeGraffenreid & Irvin; Wooten & Hoyle, for defendant, as to failure of title to part premises, cited: 10 Ga. R., 127; 16th, 432; 4 Howard, 435. Injunction in

Hollis *vs.* Williams.

Judge's discretion: 36 Ga. R., 84.  Fraud being gravamen, injunction to be continued: 12 Ga. R., 351.

WARNER, Judge.

This was a bill, filed by the complainant against the defendant, alleging that he purchased certain property, including a steam mill and a turnpike, which the defendant represented himself to be the owner of, and having good title thereto, when, in fact, the defendant did not have such title, but that there was an incumbrance on the steam mill, and that the defendant, at the time of the sale, did not have a good title to the turnpike, (which was one of the main inducements to make the purchase,) and that the complainant had been deprived of the possession of the turnpike by a paramount title, existing in the county of Dougherty, under a contract made with the defendant, prior to his contract of sale to the complainant; the complainant relying solely on the representations of the defendant as to the soundness and validity of his title to the steam mill and turnpike. The prayer of the bill is, that the defendant may be enjoined from transferring certain notes given for the purchase of the property, and to enjoin the collection of certain other notes due by other parties to the defendant, alleging that the defendant is *insolvent.* The Court granted the injunction, and a motion was made to dissolve it, on the filing of the defendant's answer, on the ground, that there was no equity in complainant's bill, and if there was, it had been denied by the answer. There were various affidavits filed and read, on the hearing of the motion, by both parties, which were conflicting as to the equity stated in the complainant's bill. The Court refused to dissolve the injunction, and the defendant excepted. The question of retaining or dissolving an injunction rests in the sound discretion of the Court, and in cases where the evidence is conflicting, and especially when *fraud* is charged, this Court will not control the discretion of the Court below in retaining the injunction until the final hear-

ing of the case. Though this Court would have been better satisfied if the injunction had been confined to the notes given for the property in the hands of the defendant. But, inasmuch as the Court below has the discretion to modify the injunction, at any time, or to continue it, we will not interfere with that discretion.

Judgment affirmed.